# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
Mansour Alihosseini

## DEFENDANTS
Gerard Heinauer; Emilio T. Gonzalez; USCS; Michael Chertoff; DHS; Robert S. Mueller; Peter D. Keisler

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
Santa Clara

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert B. Jobe, Law Office of Robert B. Jobe
550 Kearny St., Ste. 200, SF CA 94108, 415-956-5513

**ATTORNEYS** (IF KNOWN)
US Attorney's Office, 450 Golden Gate Ave., 11th Fl., SF CA 94102

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/ Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liabiltiy | ☐380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐x890 Other Statutory Actions |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |
| | ☐480 Consumer Credit | | | | |
| | ☐490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Mandamus (28 U.S.C. § 1361); Administrative Procedure Act; civil action (28 U.S.C. §§ 1331, 2201 and 2202); 8 C.F.R. § 1209.1

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $_____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE: 11/8/07
SIGNATURE OF ATTORNEY OF RECORD

Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Ste. 200
San Francisco, CA 94108
Tel:   (415) 956-5513
Fax:   (415) 840-0308
Email: bob@jobelaw.com

Attorney for Plaintiff.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CV 07 - 5692

MANSOUR ALIHOSSEINI,

   Plaintiff,

   v.

GERARD HEINAUER, DIRECTOR,
USCIS NEBRASKA SERVICE CENTER,
DISTRICT OFFICE; EMILIO T.
GONZALEZ, DIRECTOR, USCIS;
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES; MICHAEL CHERTOFF,
SECRETARY, DEPARTMENT OF
HOMELAND SECURITY;
DEPARTMENT OF HOMELAND
SECURITY; ROBERT S. MUELLER,
DIRECTOR, FEDERAL BUREAU OF
INVESTIGATIONS; PETER D.
KEISLER, ACTING U.S. ATTORNEY
GENERAL,

   Defendants.

No.
Alien No.   76-647-427

COMPLAINT FOR A WRIT OF
MANDAMUS AND DECLARATORY
AND INJUNCTIVE RELIEF

### COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF

By and through his undersigned attorney, Plaintiff, Mansour Alihosseini ("Mr. Alihosseini"), as and for his complaint, alleges as follows:

Complaint for a Writ of Mandamus

## PRELIMINARY STATEMENT

1.  Mr. Alihosseini is a native and citizen of Iran who has been granted refugee status in the United States. More than five years ago, Mr. Alihosseini filed an application to register permanent residence or adjust status with the U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and Naturalization Service).[1] Inexplicably, that application remains pending, despite Mr. Alihosseini's repeated requests for adjudication.

## JURISDICTION

2.  Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiff; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

3.  Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district, Mr. Alihosseini resides in this district, and no real property is involved in this action.

## INTRA-DISTRICT ASSIGNMENT

4.  Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

## STANDING

5.  The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security ("DHS").

Complaint for a Writ of Mandamus                    2

delayed the adjudication of Plaintiff's application. Plaintiff thus falls within the APA's standing provisions. *See, Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs*, 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied*, 74 F.3d 1308 (D.C. Cir.), *vacated on other grounds*, 117 S. Ct. 378 (1996); *see also, Abourezk v. Reagan*, 785 F.2d 1043, 1050-51 (D.C. Cir. 1986).

## PLAINTIFF

6. Mansour Alihosseini is a native and citizen of Iran who currently resides at 3128 Neal Ave. #3, San Jose, CA 95117. Mr. Alihosseini was admitted into the United States as a refugee on August 16, 2000. On or about September 30, 2002, he filed an application to adjust his status to that of a lawful permanent resident (Form I-485) with the USCIS Nebraska Service Center ("NSC").[2] Although more than five years have lapsed since that time, the USCIS has failed to adjudicate that application.

## DEFENDANTS

7. Defendant, Gerard Heinauer, is the Director of the USCIS Nebraska Service Center and is sued in his official capacity.

8. Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

9. The United States Citizenship and Immigration Services is the federal agency within the Department of Homeland Security ("DHS") that is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

10. Michael Chertoff is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued herein in his official capacity. Defendant Chertoff is charged with the administration and enforcement of the Immigration and

---

[2] Receipt number LIN-03-007-52925.

Complaint for a Writ of Mandamus　　　　　　　　3

Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 1103(a).

11. The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

12. Robert S. Mueller is the director of the Federal Bureau of Investigation ("FBI") and is sued herein in his official capacity. Defendant Mueller is charged with conducting background checks, including the National Name Check Program, in response to requests submitted by federal agencies, including the USCIS.

13. Peter D. Keisler is sued in his official capacity as the Acting U.S. Attorney General. In that capacity, he is charged with supervising and directing the administration and operation of the Department of Justice, including the FBI.

## FACTS

14. Lawful permanent resident status confers many advantages over refugee status. Lawful permanent residents have the privilege of residing and working permanently in the United States, INA § 101(a)(20), 8 U.S.C. § 1101(a)(20), they may travel outside the United States freely and generally are readmitted to the United States automatically, INA § 101(a)(13)(C), 8 U.S.C. § 1101(a)(13)(C), and they may petition to immigrate close family members, INA §§ 201 and 203, 8 U.S.C. §§ 1151 and 1153.

15. After five years of status as a lawful permanent resident, an individual may apply to naturalize his status to that of a U.S. citizen. INA § 316(a), 8 U.S.C. § 1427(a). Because lawful permanent resident status is a prerequisite for naturalization, any delay in adjusting to lawful permanent resident status also delays eventual naturalization.

16. Before adjudicating an application for adjustment of status pursuant to INA § 209(a), 8 U.S.C. § 1159(a), however, USCIS conducts "numerous" criminal and national security background checks, including (a) a fingerprint check by the FBI; (b) a ***name check*** by the FBI; and (c) a check against the records of the Department's Interagency Border Inspection System. *See Liu v. Chertoff*, No. 06-3297, 2007 WL 1202961, at * 1-2 (C.D. Ill. April 23, 2007). Ninety-nine percent of the FBI name checks are completed in six months. *See USCIS Interoffice*

Complaint for a Writ of Mandamus            4

*Memorandum from Michael Aytes, Acting Associate Director, Domestic Operation*, April 25, 2006, *reprinted* No. 21 *Interpreter Releases* 988 (May 22, 2006). In Mr. Alihosseini's case, however, the name check process has taken more than five years and has still not been completed.

17.  This lawsuit arises out of Defendants' illegal delay in the adjudication of Mr. Alihosseini's application for status as a lawful permanent resident (Form I-485).

18.  Mr. Alihosseini was born on September 1, 1968 in Karadj, Iran. Mr. Alihosseini was admitted into the United States as a refugee on August 16, 2000. On September 30, 2002, Mr. Alihosseini filed Form I-485 (Application to Register Permanent Residence or Adjust Status) with the USCIS Nebraska Service Center, in accordance with INA § 209, 8 U.S.C. § 1159, and 8 C.F.R. § 1209.1(a). Despite numerous inquiries, Mr. Alihosseini's application has been pending with the USCIS since that time.

19.  On April 22, 2004 and August 12, 2005, Mr. Alihosseini provided his fingerprints to the USCIS in connection with his pending application for adjustment of status.

20.  The FBI's willful delay in completing Mr. Alihosseini's background checks and USCIS's willful delay in adjudicating Mr. Alihosseini's I-485 application clearly contravenes the FBI's and USCIS's duty to act upon matters presented to them within a reasonable period of time. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *Tang v. Chertoff*, 493 F.Supp. 2d 148, 156 (D. Mass June 26, 2007) (finding a 4 year delay unreasonable), citing *Paunescu v. INS*, 76 F.Supp. 2d 896, 902 (N.D.Ill. 1999) (2 year delay unreasonable); *Yu v. Brown*, 36 F.Supp. 2d 922, 935 (D.N.M. 1999) (2.5 year delay unreasonable); *Agbemaple v. INS*, 1998 WL 292441 *7 (N.D.Ill. 1998) (20 month delay unreasonable); *Hu v. Reno*, 2000 U.S. Dist. Lexis 5030, at *14 (N.D.Tex. Apr. 19, 2000) (2.5 year delay unreasonable); *Salehian v. Novak*, 2006 U.S. Dist. LEXIS 77028 at *4 (D.Conn.Oct. 23, 2006) (2 year delay unreasonable).

21.  Accordingly, this civil action seeks a writ of mandamus ordering the FBI to promptly complete Mr. Alihosseini's background checks and USCIS to promptly adjudicate Mr.

Complaint for a Writ of Mandamus                 5

Alihosseini's adjustment application.

22. Mr. Alihosseini has exhausted any administrative remedies that may exist. Although more than five years have lapsed since Mr. Alihosseini filed his application for adjustment of status, and he is well outside the processing times of the NSC, the USCIS has still not adjudicated his application.[3] No other remedy exists for Mr. Alihosseini to resolve Defendants' refusal to comply with their regulatory obligations within a reasonable period of time.

23. Mr. Alihosseini has suffered, and will continue to suffer, irreparable injury for which he has have no adequate remedy at law. If the relief prayed for is not granted, Mr. Alihosseini will suffer continued extreme individual hardship.

### FIRST CAUSE OF ACTION
### (Mandamus)

24. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 23 above as though fully set forth herein.

25. Mr. Alihosseini's application for adjustment of status is delayed due to Defendant Mueller's failure to timely perform criminal background checks and/or the other Defendants' failure to act on that application. Defendants have the nondiscretionary duty to adjudicate the I-485 application filed by Plaintiff. By failing to do so, Defendants are, quite simply, failing to comply with their statutory and regulatory duties. Mr. Alihosseini is entitled, therefore, to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendant Mueller to complete all necessary background checks and provide the results of those background checks to the remaining Defendants to promptly adjudicate his I-485 application.

### SECOND CAUSE OF ACTION
### (Violation of the Administrative Procedure Act)

26. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 25 above as though fully set forth herein.

---

[3] See https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=NSC (Nebraska Service Center is processing applications for adjustment of status filed on or before November 9, 2006).

Complaint for a Writ of Mandamus                                6

27. The APA *requires* administrative agencies to act upon matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and provides that federal courts "**shall** . . . compel agency action unlawfully withheld or unreasonably delayed . . ."[4] 5 U.S.C. § 706(1) (emphasis added). By using the word "shall," Congress imposed a mandatory duty on this Court to compel agency action that has been "unreasonably delayed." *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998)("Through § 706 Congress has stated unequivocally that courts *must* compel agency action unlawfully withheld or unreasonably delayed.")(emphasis added). *See also Pierce v. Underwood*, 487 U.S. 552, 569-570 (1988)(Congress' use of "shall" constitutes mandatory language); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 n.15 (1981)(same).

28. Plaintiff is a person aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to complete and provide the results of the criminal background checks to USCIS, Defendant Mueller has "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706(1). In the alternative, if the background checks have been completed, the remaining Defendants have unlawfully delayed final adjudication of Mr. Alihosseini's application for adjustment of status.

29. Accordingly, this Court should compel Defendant Mueller to complete and release

---

[4] "Courts have given little attention to the distinction between agency action 'unlawfully withheld' and agency action "reasonably delayed." *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1270 (10th Cir. 1998). "In the absence of any clear statutory guidance," however, the Tenth Circuit decided to "simply apply the most straight forward common sense reading of these two phrases," saying:

> [I]f an agency has no concrete deadline establishing a date by which it must act, and instead is governed only by general timing provisions – such as the APA's general admonition that agencies conclude matters presented to them "within a reasonable time," *see* 5 U.S.C. § 555(b) – a court must compel only action that is delayed unreasonably. Conversely, when an entity governed by the APA fails to comply with a statutorily imposed absolute deadline, it has unlawfully withheld agency action and courts, upon proper application, must compel the agency to act.

*Id.* at 1271-72.

Complaint for a Writ of Mandamus                    7

the results of Mr. Alihosseini's criminal background checks to the remaining Defendants, so that his application for adjustment of status may be immediately adjudicated. On the other hand, if Defendant Mueller has completed the background checks, the Court should compel the other Defendants to immediately adjudicate Mr. Alihosseini's application for adjustment of status. By failing to adjudicate the I-485 application filed by Plaintiff, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

(1) Accept jurisdiction over this action;

(2) Compel the completion and immediate release of Mr. Alihosseini's criminal background check results;

(3) Declare Defendants' failure to adjudicate the I-485 application filed by Mr. Alihosseini to be a violation of 8 C.F.R. § 1209.1, the Administrative Procedure Act, and 28 U.S.C. § 1361;

(4) Order the USCIS to immediately adjudicate Mr. Alihosseini's I-485 application;

(5) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(6) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED:    November 8, 2007          Respectfully Submitted,

_____
Robert B. Jobe
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
(415) 956-5513
(415) 840-0308

Attorney for Plaintiff

Complaint for a Writ of Mandamus